**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

              **v.**            **10-CR-188A(Sr)**

**RONALD MITCHELL,**

       **Defendant.**

_____

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. # 251.

**PRELIMINARY STATEMENT**

The defendant, Ronald Mitchell, is charged in count 4 of a 13 count indictment against 23 defendants with conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of a mixture and substance containing cocaine and a mixture and substance containing marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(D), in violation of Title 21 United States Code Section 846.  Dkt. #1.  The defendant also faces forfeiture of money pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p).  Dkt. #1.

The defendant filed an omnibus motion.  Dkt. #331.  The government filed a response and request for reciprocal discovery.  Dkt. #386.

## DISCUSSION AND ANALYSIS

**Severance**

Defendant seeks severance pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure on the ground that there is a vast amount of evidence against the co-defendants which does not relate to defendant and which will be prejudicial to defendant.  Dkt. #331, p.4.

The government responds that joinder was proper and that defendant's prejudice argument is conclusory.  Dkt. #386, pp.1-8.  Although the government concedes that a co-defendant's statement to law enforcement agents may implicate defendant, it asserts that the statement may be redacted at trial so as to avoid the concerns raised by the Supreme Court in *Bruton v. United States*, 391 U.S. 123 (1968).  Dkt. #386, p.6.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that an indictment

> may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

"The established rule is that a non-frivolous conspiracy charge is sufficient to support joinder of defendants" pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure. *United States v. Nerlinger*, 862 F.2d 967, 973 (2d Cir. 1988). As each of the thirteen defendants remaining in this matter are charged with conspiracy in Count 4 of the indictment, and the second amended criminal complaint which preceded this indictment sets forth specific facts to support a single conspiracy, thereby demonstrating the conspiracy charge to be non-frivolous, joinder was proper. *United States v. Vanwort*, 887 F.2d 375, 384 (2d Cir. 1989), *cert. denied sub nom. Chapoteau v. United States*, 495 U.S. 906 (1990).

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Zafiro v. United States*, 506 U.S. 534, 539 (1993). The defendant maintains a "heavy burden" in establishing a right to a severance. *United States v. Sotomayor*, 592 F.2d 1219, 1227 (2d Cir.), *cert. denied sub nom. Crespo v. United States*, 442 U.S. 919 (1979). He must establish that he will suffer "substantial prejudice due to the joint trial, amounting to a miscarriage of justice." *United States v. Nersesian*, 824 F.2d 1294, 1303 (2d Cir. 1987), *cert. denied,* 484 U.S. 958 (1987).

A defendant's argument that he would have "a better chance at acquittal at a separate trial does not constitute substantial prejudice." *United States v. Carson*,

702 F.2d 351, 366 (2d Cir.), *cert. denied sub nom Mont v. United States*, 462 U.S. 1108 (1983). Similarly, the fact that one defendant's role in a conspiracy may be smaller or less central than that of certain other co-conspirators does not mandate a separate trial. *Nersesian* at 1304; *Carson*, 702 F.2d at 366-67 ("differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials."). "Moreover, the fact that evidence may be admissible against one defendant but not another does not necessarily require severance." *Carson*, 702 F.2d at 367. Even in circumstances where a non-testifying defendant's confession specifically inculpates a co-defendant, the trial court can avoid the Confrontation Clause issues such an identification would raise by adequate redaction. *United States v. Jass*, 569 F.3d 47 (2d Cir. 2009)(discussing *Bruton v. United States*, 391 U.S. 123 (1968), and its progeny), *cert. denied*, __ U.S. __, 130 S.Ct. 2128 (2010).

> The ultimate question is whether, under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted.

*United States v. Kahaner*, 203 F. Supp. 78, 81-83 (S.D.N.Y. 1962); *aff'd*, 317 F.2d 459 (2d Cir.), *cert. denied*, 375 U.S. 836 (1963).

The charges against this defendant and his co-defendants in the indictment are such that with appropriate instructions from the trial judge, and sufficient redaction of his co-defendant's statement, a jury will be able to collate and appraise the

independent evidence against the defendant solely on his acts, statements and conduct and thereby render a fair and impartial verdict as to him. Therefore, defendant's request for a severance is denied without prejudice to renewal before the trial judge prior to the final pretrial conference should circumstances at that time warrant.

**Discovery and Inspection**

The government responds that it is in compliance with its obligations pursuant to Rule 16 and declares its intention to disclose any information subject to Rule 16 as it is discovered. Dkt. #386, pp.8-10. In accordance with Rule 12(b) of the Federal Rules of Criminal Procedure, the government notifies the defendant of its intention to introduce any evidence disclosed to defendant at trial. Dkt. #386, p.10. However, the government notes that many of defendant's requests are beyond the scope of pre-trial discovery. Dkt. #386, pp.10-18.

Defendant's Statements

In reliance upon the government's representation that it has disclosed defendants' statements to law enforcement personnel pursuant to Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure, this aspect of defendant's motion is denied as moot.

Defendant's Criminal Record

Although the government does not specifically respond to this request, in reliance upon its representation that it is in compliance with its obligations pursuant to

Rule 16 of the Rules of Criminal Procedure, this aspect of defendants motion is denied as moot.

Documents or Tangible Objects

In reliance upon the government's representation that it has complied with Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, and that any additional items will be provided voluntarily as they are identified, defendant's motion for disclosure of documents and tangible objects is denied as moot.

Reports of Examinations or Tests & Expert Witnesses

In reliance upon the government's representation that it will disclose all materials that are discoverable under Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure and that it will comply with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, as well as Rules 702, 703 and 705 of the Federal Rules of Evidence, and that it will cooperate with defendant to provide the chemists' credentials and methods in the event that the defendant declines to stipulate as to the reports regarding the controlled substances, as well as the qualifications of government law enforcement experts relating to vague/coded drug references and firearms, this aspect of defendant's motion is denied as moot.

Law Enforcement Documents

Defendant's request for "[a]ny and all other written notes and/or statements made as part of this investigation" is denied as beyond the scope of the

government's discovery obligations.  Rule 16(a)(2) of the Federal Rules of Criminal Procedure specifically exempts

> the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Grand Jury Transcripts

As defendant has proffered no basis for his request for grand jury transcripts, this aspect of defendant's motion is denied.  *See Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959).   It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy."

F.R.E. 807

In reliance upon the government's representation that it has no present intention of introducing any statement within the residual hearsay exception set forth in Rule 807 of the Federal Rules of Evidence, and its acknowledgment of its obligations should it determine the exception applicable, this aspect of defendant's motion is denied as moot.

Brady, Giglio & Jencks Material

The government acknowledges its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent

cases. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant. To the extent that defendant seeks "favorable information" beyond the scope of *Brady, Giglio* and *Jencks* his request is denied as overly broad and without basis in law.

Identification of Witnesses

As defendant has failed to demonstrate any "particularized showing of need" for the names, addresses and statements of any persons known to be witnesses to the events set forth in the indictment, this aspect of his motion is denied. See *United States v. Pastor,* 419 F. Supp. 1318, 1320 (S.D.N.Y. 1975).

Identification of Defendant

In reliance upon the government's representation that it has and will disclose information relating to pretrial identification procedures, defendant's request for information or documentation reflecting misidentification or non-identification is denied as moot.

Identity of Informants

Disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir.), *cert. denied*, 489 U.S. 1089 (1988); *see Roviaro v. United States*, 353 U.S. 53, 59 (1957) (government generally is not required to disclose identity of confidential informants). "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997). It is not sufficient that the informant was a participant and witness to the crime. *Saa*, 859 F.2d at 1073. As defendant has failed to articulate any basis for his request for cooperating individuals, this aspect of his motion is denied.

F.R.E. 403, 404(b) and 609

The government notifies defendant that it intends to introduce at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence, all prior criminal conduct to show proof of defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident and represents that it will timely disclose evidence within the ambit of Rules 404(b), 608(d) and 609 of the Federal Rules of Evidence, but notes that it has no obligation to provide defendant with information that could be used to impeach him pursuant to Rule 608, should he elect to testify.  In

reliance upon the government's representations, this aspect of defendant's motion is denied as moot.

**Bill of Particulars**

"Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). Thus, a bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused. *United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999). "The prosecution need not particularize all of its evidence." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988). "Moreover, 'a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means.'" *Id., quoting Walsh*, 194 F.3d at 47. "Generally, the particulars as to the formation of a conspiracy need not be set forth by the prosecution," as such details "are not necessary to allow the defendant to prepare his defense or to plead double jeopardy." *United States v. Iannelli*, 53 F.R.D. 482, 483 (S.D.N.Y. 1971). "The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court." *Bortnovsky*, 820 F.2d at 574; *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984).

In the instant case, the charges in the indictment, along with the discovery materials provided by the government, and the affidavit in support of the criminal complaint, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose. As a result, defendant's motion is denied.

**Preservation of Rough Notes**

The government is hereby directed to maintain and preserve all materials that are known by the government to exist and that constitute potential *Jencks* and Rule 16, Fed.R.Crim.P. material in this case. As the Court of Appeals for the Second Circuit admonished:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

**Joinder**

It is hereby ordered that the decision made by this Court as to each co-defendant's requests contained in the motions in which this defendant has standing to join shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Leave to Make Further Motions**

Defendant's request for leave to make further motions is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Government's Request for Reciprocal Discovery**

Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to reciprocal discovery pursuant to Rule 16(b)(1), and its request is hereby granted.  The government's motion with respect to Rule 807 of the Federal Rules of Evidence is denied as moot by reason of the requirements contained within Rule 807 of the FRE wherein it is specifically stated:

> However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**


DATED:    Buffalo, New York
          June 15, 2012


                                          *s/ H. Kenneth Schroeder, Jr.*
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**